825 F.2d 407
 46 Fair Empl.Prac.Cas. 1639
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George M. LONG, Jr.; Jean M. Moore; Patricia Thurston; Alma
S. Kellam; Jean I. Williams; Elizabeth Coleman; Lorene S.
Gibson; Dorothy E. Johnson; Bernice W. Fenner; Virginia D.
Saunders; Maxine W. Colley; Diane P. Whitaker; Elbert L.
Hammond; Dorothy W. Frayser; Jon K. Webb; James B. Fleet;
Charlotte P. Ellis; Joyce W. Snowa, Plaintiffs-Appellants,
v.
CHESAPEAKE AND OHIO RAILWAY CO.; Brotherhood of Railway,
Airline and Steamship Clerks, Freight Handlers, Express and
Station Employees; Brotherhood of Railway, Airline and
Steamships Clerk, Freight Handlers, Express and Station
Employees, Chesapeake and Ohio System Board of Adjustment,
Defendants-Appellees.
 No. 87-1540
 United States Court of Appeals, Fourth Circuit.
 Argued June 3, 1987.
Decided July 20, 1987.
 
 William H. Hefty (Stephen W. Bricker, Bremner, Baber & Janus, on brief), for appellants.
 D. Eugene Webb, Jr. (John F. Kay, Jr., David E. Constine, III; Mays & Valentine, on brief), Edgar N. James (Joseph Guerrieri, Jr., Guerrieri & Sweeney, on brief), for appellees.
 Before PHILLIPS, and CHAPMAN, Circuit Judges, and BRITT, United States District Judge, sitting by designation.
 PER CURIAM:
 
 
 1
 The Appellants, eighteen former employees of the Chesapeake and Ohio Railway Company (C&O), allege that the railroad discriminated against them on the basis of age by requiring them to transfer from Richmond to Baltimore or accept termination, that the C&O breached the collective bargaining agreement, and that the Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees (BRAC) violated its duty of fair representation in its handling of these transfers and terminations. In separate orders, the district court granted summary judgment in favor of the C&O and the BRAC on all counts. We hold that plaintiffs have failed to raise any genuine issue of material fact and that C&O and BRAC are entitled to judgment as a matter of law, and therefore affirm the decision of the district court.
 
 
 2
 One of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and it should be interpreted in a way that allows it to accomplish this purpose. Celotex Corp. v. Catrett, 477 U.S. ----, ----, 106 S.Ct. 2548, 2553 (1986). At oral argument, the appellants conceded that there was no dispute as to the facts but claimed that there were disputes as to the reasonable inferences that might be drawn therefrom. The appellants' problem is that they took no depositions, submitted no affidavits and wish to stand upon the bare allegations contained in their pleadings. This is not permissible. Fed. R. Civ. P. 56(e). The purpose of Fed. R. Civ. P. 56 is to go beyond the pleadings and see if the case has any substance. A brief review of the findings of the district judge shows that this case lacks substance.
 
 
 3
 Appellants first claim that the BRAC violated its duty to its members to serve their interests in a manner that is neither arbitrary, discriminatory, nor in bad faith. See International Brotherhood of Electrical Workers v. Foust, 442 U.S. 42, 47 (1979); Wyatt v. Interstate and Ocean Transport Company, 623 F.2d 888 (4th Cir. 1980). Appellants' central contention is that the union, when appellants were obligated to either move to Baltimore or lose their jobs, refused to consider the merger of their employment district, District 1, with District 5, since both were located primarily in the Richmond area. This merger would have enabled appellants to 'pull' the jobs of District 5 workers with less seniority, thereby causing those with the least seniority to be dismissed first. Such a merger would clearly have decreased the total number of positions held by union members because appellants were entitled to retain their jobs if they moved to Baltimore. The actions of the union in preserving the greater number of jobs for its members can hardly be deemed arbitrary, discriminatory, or in bad faith.
 
 
 4
 Appellants also make vague claims that they were discriminated against on the basis of age. Appellants offer no evidence on this point other than the fact that they are all over forty years of age and relatively close to retirement. Nothing was submitted to the trial court which indicated that it was the intent of either the C&O or the BRAC that the appellants lose their jobs because of their age. Appellants do not dispute the fact that the C&O had the right under its contract with the BRAC to close the office in which appellants were employed, nor do they contest the fact that 90 percent of the workers in that office were over the age of forty. Finally, appellants concede that they could have kept their jobs had they been willing to move to Baltimore. There is nothing in the record which shows a genuine issue of material fact or a legal basis to support appellants' claims of age discrimination.
 
 
 5
 In the absence of evidence to support the appellants case, Fed. R. Civ. P. 56(e) mandates the entry of summary judgment. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson v. Liberty Library, Inc., ---- U.S. ----, ----, 106 S.Ct. 2505, 2510 (1986). Mere speculation by the appellants is not sufficient and any asserted inference which appellants seek to draw must flow from the evidence, not merely from the pleadings. Celotex. Specific facts must be produced showing that there is a genuine issue for trial, and that plaintiffs may not rely upon the bald assertions of their pleadings. Ross v. Communication Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985).
 
 
 6
 In this case, the appellants seek to stand upon mere allegations when they are faced with affidavits, depositions and other discovery material showing that there are no factual disputes. The district judge properly granted summary judgment.
 
 
 7
 AFFIRMED.